JOHN VALLIER *vs.* THOMAS DITSON.

Somerset.    Opinion March 14, 1883.

*Payment. False representations. Promissory notes.*

The receipt, by the vendor of a chattel, of the worthless note of a third person, falsely and fraudulently represented by the vendee to be solvent, is no pay-

ment; and the vendor may maintain an action for the balance due according to the bargain.

ON REPORT.

Assumpsit on account annexed for a wagon, fifty dollars; interest, two dollars and twenty cents; in the account is a credit of a wagon, fifteen dollars, and cash ten dollars; leaving balance due twenty-seven dollars and twenty cents. The writ was dated August 29, 1879.

Plea, general issue.

The opinion states other material facts.

*Ben S. Collins*, for the plaintiff.

*Walton and Walton*, for the defendant, contended that the trade between the parties was a barter trade, and one transaction — an entirety — and could not be rescinded in part. If the plaintiff would rescind any part of the trade he must the whole of it. *Bisbee* v. *Ham*, 47 Maine, 543; *Potter* v. *Monmouth Ins. Co.* 63 Maine, 440; *Houghton* v. *Nash*, 64 Maine, 477; Story, Sales, (3 ed.) 552, 553.

There was no debt existing for which the plaintiff accepted the Hutchins note in payment, as in *Martin* v. *Roberts*, 5 Cush. 126. Here it was a swap of the note and other items named for plaintiff's wagon. He cannot rescind as to the note. *Morse* v. *Brackett*, 98 Mass. 205; *Mansfield* v. *Trigg*, 113 Mass. 350; *Clark* v. *Baker*, 5 Met. 460; *Miner* v. *Bradley*, 22 Pick. 457; *Herrin* v. *Libbey*, 36 Maine, 350; *Emerson* v. *McNamara*, 41 Maine, 565; *Pratt* v. *Philbrook*, 33 Maine, 17; Kerr on Fraud and Mistake, (Bump's ed.) 328.

BARROWS, J. The defendant, not attempting to controvert, qualify or add to the testimony produced for the plaintiff, consents/ that the case shall be reported to this court for determination with the stipulation that if the presiding judge was right in overruling his motion for a nonsuit, and holding that the testimony if believed was sufficient to maintain the action, he is to be defaulted for the balance of the account sued and interest from the date of the writ.

The plaintiff claims to recover twenty-five dollars as the balance due on the price of a wagon which he sold the defendant as he says for fifty dollars, receiving in payment therefor defendant's wagon valued at fifteen dollars, the note of one Hutchins for twenty-five dollars, (which the testimony shows the defendant represented as perfectly good and as received by himself in payment for sheep, when it was in fact entirely worthless and defendant had taken it from the payee upon a bargain to give half what he could get for it if he succeeded in trading it off, and otherwise, nothing) and defendant's due bill for ten dollars which has been paid. Plaintiff gives credit for defendant's wagon at fifteen dollars, and the ten dollars paid on his due bill and seeks here to recover the remaining twenty-five dollars represented in the transaction by the Hutchins note, on the ground that he was induced to accept it by the defendant's false and fraudulent representations, upon the discovery of which he offered to return it to the defendant.

The gloss which defendant seeks to put upon the transaction is that the trade was a simple barter of his wagon, the Hutchins note and his own due bill, for plaintiff's wagon, and that this suit is an attempt on the part of the plaintiff to rescind the bargain in part only, which he cannot legally do. It is only by an ingenious perversion of the testimony that it can be made to wear this aspect. The plaintiff states the trade thus, "The wagon I sold to Mr. Ditson, I *called* fifty dollars. In exchange for my wagon I received his buggy, *called* fifteen dollars, his note for ten dollars, and the note shown me for twenty-five dollars." The defendant makes no attempt to modify this version by testimony, but argues that these several valuations were merely mental operations of the plaintiff in which he did not concur. Such is not the fair interpretation. In the absence of any contradiction or explanation, we infer that these values were mutually agreed upon. The case in its essential facts and in the principles involved, is substantially identical with *Martin* v. *Roberts*, 5 Cush. 126, where the same defence to a similar action was attempted and failed. Here, as there, "the plaintiff does not seek to rescind the contract of sale or to reclaim the property sold by him to

defendant. He gives full effect to the sale; he counts upon it in his writ, and only seeks to recover damages by reason of non-payment for the same. . . . The supposed payment has proved delusive. The vendor received in payment an article of no value, and this through the fraudulent representation of the defendant." The case is not one of attempted rescission of a contract, and the authorites cited by the defendant are inapplicable.

As the vendee, in a suit brought by the vendor against him for the stipulated price may (without rescinding the contract,) show, in reduction of damages, the false representations of the vendor as to the quality of the article and recoup to the amount of the injury he has suffered thereby, the vendor is entitled to show that he was defrauded in the matter of payment by the false pretences of the vendee, and received that which was of no value by reason of his false and fraudulent representations.

It is no more a payment than payment with a counterfeit bill would be. *Bridge* v. *Batchelder*, 9 Allen, 394.

The subsequent promise of the defendant to make it good was not necessary to enable the plaintiff to recover the balance of the price of his wagon.

> *Judgment for plaintiff for twenty-five dollars and interest from the date of the writ.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.